# IN THE COURT OF APPEALS OF IOWA

No. 14-2056
Filed January 27, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RONNIE ALAN KRAFT,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Calhoun County, Joel E. Swanson (plea) and Gary L. McMinimee (sentencing), Judges.

Ronnie Kraft appeals following a plea of guilty to willful injury causing bodily injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellee.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Sharon K. Hall, Assistant Attorneys General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Ronnie Kraft appeals following a plea of guilty to willful injury causing bodily injury. He states that at no time during the plea proceeding did the district court ask him about his citizenship or immigration status, and therefore, the court did not substantially comply with the requirements of Iowa Criminal Rule of Procedure 2.8(2)(b). He raises a claim of ineffective assistance of counsel, which we review de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

To establish a claim of ineffective assistance of counsel, a defendant must prove "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). A defense attorney who fails to ensure the court substantially complies with rule 2.8(2)(b) or fails to file a timely motion in arrest of judgment challenging a procedurally defective plea proceeding breaches an essential duty. *See, e.g.*, *id.* at 133-34.

Kraft concedes there is no evidence in the record regarding his citizenship status, and therefore, we can only speculate as to whether he was prejudiced by his trial counsel's failure to object. We preserve Kraft's claim of ineffective assistance of counsel for possible postconviction relief. We affirm the conviction.

**AFFIRMED.**